IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | |
|---|---|
| NATHANIEL SHAW, | ) |
| | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   7:14-cv-00389-RBP-JEO |
| | ) |
| HUGH M. HOOD, et. al., | ) |
| | ) |
| Defendants. | ) |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Nathaniel Shaw, hereinafter referred to as plaintiff, has filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 alleging that rights, privileges, or immunities afforded him under the Constitution or laws of the United States have been abridged during his incarceration at Bibb County Correctional Facility (BCCF) in Brent, Alabama. Plaintiff names the following entities as defendants: Corizon Health Incorporation (Corizon Health), the Alabama Department of Corrections Health Services Division (ADOCHSD), and the Department of Veterans Affairs (VA). He also names as individual defendants the following Corizon Health employees: Associate Regional Medical Director Hugh M. Hood, BCCF Head Physician Dr. James Whitley, and BCCF Medical Administrator Georgia Miller. Finally, he names Ruth Naglich, the Associate Director of the ADOCHSD, as an individual defendant. Plaintiff seeks monetary and immediate medical relief. In accordance with the usual practices of this court and 28 U.S.C. § 636(b)(1), the complaint was referred to the undersigned magistrate judge for a preliminary report and recommendation. *See McCarthy v. Bronson*, 500 U.S. 136 (1991).

1

The Prison Litigation Reform Act of 1995, Pub. L. No. 104-134, § 804, 110 Stat. 1321, and 28 U.S.C. § 1915A, requires this court to screen complaints filed by prisoners against officers or employees of governmental entities and to dismiss the complaint or any portion of the complaint that it finds frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. Thus, under § 1915A, the court may *sua sponte* dismiss a prisoner's complaint prior to service. Nevertheless, in order to protect a *pro se* prisoner's right of access to the courts, these complaints are read by less stringent standards than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Harmon v. Berry*, 728 F.2d 1407, 1409 (11th Cir. 1984); *Watson v. Ault*, 525 F.2d 886, 891 (5th Cir. 1976).

### Department of Veterans Affairs

Plaintiff names the Department of Veterans Affairs (VA) as a defendant. (Doc. 1 at 12). He alleges that he "is a 100% Service Connected Disabled Veteran" that has suffered from health issues related to his exposure to Agent Orange during his tour of duty in Vietnam; namely, diabetes and prostate problems. (*Id.*) Through the Veteran's Health Administration (VHA), he previously has undergone laser surgery to remove a prostatic cyst. (*Id.*). He declares that the VA has been deliberately indifferent to his serious medical needs because he complained to the VSA that prison officials refuse to allow a urological evaluation. To prove it, he authorized release of his prison medical records to the VSA, but the Department referred him back to the Alabama Department of Corrections Health Services Division. (*Id.* at 12 and 14).

This court lacks jurisdiction over plaintiff's claim against the VA. "In general, review of decisions made in the context of an individual veteran's VA benefits proceedings are beyond the

jurisdiction of federal courts outside the review scheme established by the [Veterans Judicial Review Act]. This is true even if the veteran addresses his claim as a constitutional challenge." *Veterans For Common Sense v. Shinseki*, 678 F.3d 1013, 1023 (9th Cir. 2012) (*en banc*) (citing *Zuspann v. Brown*, 60 F.3d 1156, 1159-60 (5th Cir. 1995) (finding no remedy for the constitutional violation because veteran was ultimately "complaining about benefits"). Instead, jurisdiction belongs "in the Veterans Court and the Federal Circuit." *Id.* at 1026. Accordingly, plaintiff's Eighth Amendment medical care claim against the VA is due to be dismissed for lack of jurisdiction.

### Alabama Department of Corrections Health Services Division (ADOCHSD) and its Associate Director, Ruth Naglich

Plaintiff names the Alabama Department of Corrections Health Services Division and its Associate Director, Ruth Naglich, as defendants. However,

> "[t]he Eleventh Amendment prohibits a federal court from exercising jurisdiction over a lawsuit against a state, except where the state has consented to be sued or waived its immunity, or where Congress has overridden the state's immunity." *Lassiter v. Alabama A & M University*, 3 F.3d 1482, 1485 (11th Cir. 1993). "Congress has not abrogated Eleventh Amendment immunity in section 1983 cases." *Carr v. City of Florence, Alabama*, 916 F.2d 1521, 1525 (11th Cir. 1990). Alabama has not waived its immunity. *E.g. Alabama v. Pugh*, 438 U.S. 781, 782, 98 S. Ct. 3057, 3057–58, 57 L. Ed. 2d 1114 (1978). Thus, the Eleventh Amendment bars [plaintiff's] section 1983 suit against the state of Alabama.

*Cross v. State of Ala., State Dept. of Mental Health & Mental Retardation* 49 F.3d 1490, 1502-03 (11th Cir. 1995). Therefore, the Alabama Department of Corrections Health Services Division is not an entity subject to suit and this claim is due to be dismissed.

Plaintiff claims Associate Commissioner Ruth Naglich failed in her duties to supervise defendant Hood and monitor the health care services provided to inmates (doc. 1 at 7), but has

not alleged that she was personally involved in his medical care. "There is no *respondeat superior* liability under §1983." *Harris v. Ostrout*, 65 F.3d 912, 917 (11th Cir. 1995) (*citing Monell v. Department of Social Services*, 436 U.S. 658, 690-92 (1978) and *LaMarca v. Turner*, 995 F.2d 1526, 1538 (11th Cir. 1993), *cert. denied*, 510 U.S. 1164 (1994)). Absent some allegation that Naglich knew of, sanctioned, participated in or was otherwise "affirmatively linked" to the acts here complained of, the claim against her is insufficient to state a cause of action under 42 U.S.C. §1983. *See Gilmere v. City of Atlanta*, 774 F.2d 1495, 1504 (11th Cir. 1985), *cert. denied*, 476 U.S. 1115 (1986). As such, the claim against Naglich is due to be dismissed.

### Corizon Health, Hugh M. Hood, Dr. James Whitley and Georgia Miller

Plaintiff asserts that the above defendants have been deliberately indifferent to his serious medical needs. He demands monetary damages and immediate medical relief in the form of the cataract surgery recommended by medical professionals and evaluation of his prostrate by a urologist. (Doc. 1 at 4). In *Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976), "the Supreme Court held that deliberate indifference to serious medical needs is proscribed by the Eighth Amendment's prohibition against cruel and unusual punishment." *Harris v. Coweta County*, 21 F.3d 388, 393 (11th Cir. 1994). A two-part analysis is employed in determining whether an Eighth Amendment violation has occurred. "First, we must evaluate whether there was evidence of a serious medical need; if so, we must then consider whether [the defendants'] response to that need amounted to deliberate indifference." *Mandel v. Doe*, 888 F.2d 783, 788 (11th Cir. 1989). The first inquiry is objective; the second inquiry is subjective. *See Hill v. DeKalb Regional Youth Detention Center*, 40 F.3d 1176, 1186 (11th Cir. 1994).

"'[A] "serious" medical need is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention.'" *Hill v. DeKalb Regional Youth Detention Center*, 40 F.3d at 1187 (quoting *Laaman v. Helgemoe*, 437 F. Supp. 269, 311 (D.N.H. 1977)). "[T]he medical need of the prisoner need not be life threatening" to be considered "serious." *Washington v. Dugger*, 860 F.2d 1018, 1021 (11th Cir. 1988).

The second part of the inquiry -- whether the response of the defendant amounted to deliberate indifference -- is itself a two-part determination. A defendant may be held liable for an Eighth Amendment violation only if he had "knowledge of the [plaintiff's] particular medical condition," *Hill v. DeKalb Regional Youth Detention Center*, 40 F.3d at 1191 (emphasis omitted), *and* he acted intentionally or recklessly to deny or to delay "access to medical care" or to interfere "with the treatment once prescribed," *Estelle v. Gamble*, 429 U.S. at 104-05. *See also Mandel v. Doe*, 888 F.2d at 788. *See generally Farmer v. Brennan*, 511 U.S. 825, 833-842 (1994). "It is obduracy and wantonness, not inadvertence or error in good faith, that characterizes the conduct prohibited by the Cruel and Unusual Punishments Clause." *Whitley v. Albers*, 475 U.S. 312, 319 (1986). "Mere negligence or medical malpractice" on the part of the defendants is not sufficient to support an Eighth Amendment claim. *Mandel v. Doe*, 888 F.2d at 787-88. *See also Barfield v. Brierton*, 883 F.2d 923, 939 (11th Cir. 1989). Therefore, an accidental or inadvertent failure to provide medical care or negligent diagnosis or treatment of a medical condition does not constitute a wrong under the Eighth Amendment. *Estelle*, 429 U.S. at 106.

In the present case, plaintiff alleges that for the past year, defendant Corizon Health, Inc., and its Associate Medical Director Hugh M. Hood, have "repeatedly denied [him] proper medical treatment and care which has been repeatedly recommended by on-site medical physicians" at BCCF and medical professionals at the Callahan Eye Foundation. (Doc. 1 at 6). Specifically, plaintiff contends that BCCF physicians have continuously recommended that he be seen by a "urologist based on [his] complaints and medical evaluations [that] have revealed an elevated prostate level." (*Id.*) Defendant Hood has refused to follow the recommendations, which has caused plaintiff "pain and suffering." (*Id.* at 3, 6). Plaintiff also contends that he is legally blind in his left eye and has "flourishing cataracts" in his right eye that cause persistent irritation and pain. (*Id.* at 6). Medical professionals at the Callahan Eye Foundation have "continuously recommended" for over two years that plaintiff undergo cataract surgery, but Hood refuses to allow the surgery. (*Id.*).

Plaintiff declares that Dr. James Whitley, a Corizon Health employee and the Head Physician at BCCF, has "failed to insure" that plaintiff receive treatment and evaluations that he and other physicians have recommended. (*Id.* at 8). Dr. Whitley also has "repeatedly denied and ignored" treatment recommendations. (*Id.*) Finally, plaintiff asserts that "Georgia Miller, acting as the Medical Administrator for Corizon at the Bibb County Correctional Facility[,] is responsible for investigating inmate complaints and medical grievances" to ensure that an inmate's access to medical care is not impeded. (*Id.* at 9). Yet, Miller has failed to investigate and consider plaintiff's grievances, provide notification of decisions based on those grievances, and "properly submit requests for medical furloughs" and recommendations ordered by physicians. (*Id.*)

After careful consideration of the plaintiff's allegations, defendants Corizon Health, Inc., Hugh M. Hood, Dr. James Whitley and Georgia Miller shall be directed to respond to plaintiff's Eighth Amendment medical care claims. However, to the extent that plaintiff's request for immediate medical relief can be construed as a motion for preliminary injunctive relief, that request is due to be denied because he has failed to meet the four-factor test established by the Eleventh Circuit for the granting of a preliminary injunction.

> To be entitled to injunctive relief, the moving party must establish that (1) there is a substantial likelihood that he ultimately will prevail on the merits of the claim; (2) he will suffer irreparable injury unless the injunction issues; (3) the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; and (4) the public interest will not be harmed if the injunction should issue.

*Cate v. Oldham*, 707 F.2d 1176, 1185 (11th Cir. 1983). "Because a preliminary injunction is 'an extraordinary and drastic remedy,' its grant is the exception rather than the rule, and plaintiff must clearly carry the burden of persuasion." *United States v. Lambert*, 695 F.2d 536, 539 (11th Cir. 1983) (quoting *Texas v. Seatrain International*, 518 F.2d 175, 179 (5th Cir. 1975)).

In this case, plaintiff has failed to convince the court that there is a substantial threat that plaintiff will suffer irreparable injury if the injunction is not granted or that the threatened injury to him would outweigh the adverse impact to the public interest in the administration of the prison system. Certainly, plaintiff has alleged that the status of the flourishing cataracts in his right eye and the condition of his prostate are causing him pain. But he has not alleged that he will suffer irreparable harm from the absence of treatment for or evaluation of his eyes and prostate if he is not afforded immediate relief. Since there is no contention that he will suffer irreparable injury, this court cannot find the existence of such harm. The court also cannot

determine that an injunction ordering the defendants to provide a specific treatment or evaluations outweighs the potential damage to the opposing parties or the public interest.

RECOMMENDATION AND NOTICE OF RIGHT TO OBJECT

Accordingly, for the reasons stated above, the magistrate judge RECOMMENDS that Eighth Amendment medical care claims against the Department of Veteran's Affairs, the Alabama Department of Corrections Health Services Division and Associate Direct Ruth Naglich be DISMISSED pursuant to 28 U.S.C. § 1915A(b)(1) and/or (2). The magistrate judge further RECOMMENDS that the Eighth Amendment medical care claims against Corizon Health, Inc., Hugh M. Hood, Dr. James Whitley and Georgia Miller be referred to the undersigned magistrate judge for further proceedings. Finally, the magistrate judge RECOMMENDS that the plaintiff's request for preliminary injunctive relief be DENIED.

### NOTICE OF RIGHT TO OBJECT

Any party who objects to this report and recommendation must, within fourteen (14) days of the date on which it is entered, file specific written objections with the clerk of this court. Any objections to the failure of the magistrate judge to address any contention raised in the complaint or petition also must be included. Failure to do so will bar any later challenge or review of the factual findings or legal conclusions of the magistrate judge. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L.Ed.2d 435 (1985), *reh'g denied*, 474 U.S. 1111, 106 S. Ct. 899, 88 L. Ed. 2d 933 (1986); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982) (*en banc*). In order to challenge the findings of the magistrate judge, a party must file with the clerk of the court

written objections which shall specifically identify the portions of the proposed findings and recommendation to which objection is made and the specific basis for objection. Objections not meeting this specificity requirement will not be considered by a district judge.  IT IS NOT NECESSARY FOR PLAINTIFF OR PETITIONER TO REPEAT HIS LEGAL ARGUMENTS.  AS TO THE FACTS, IF PLAINTIFF OR PETITIONER DOES RESPOND, HE SHOULD LIMIT HIMSELF TO ADDRESSING THE STATEMENTS OF FACT CONTAINED IN THE REPORT AND RECOMMENDATION TO WHICH HE OBJECTS.  HE ALSO SHOULD OBJECT TO ANY FACTS NOT INCLUDED IN THE REPORT AND RECOMMENDATION WHICH HE CONTENDS SHOULD HAVE BEEN INCLUDED.  THE FILING OF OBJECTIONS IS NOT A PROPER VEHICLE TO MAKE NEW ALLEGATIONS OR PRESENT ADDITIONAL EVIDENCE.  A copy of the objections must be served upon all other parties to the action.

    Upon receipt of objections meeting the specificity requirement set out above, a United States District Judge shall make a *de novo* determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the magistrate judge.  The district judge, however, need conduct a hearing only in his discretion or if required by law, and may consider the record developed before the magistrate judge, making his own determination on the basis of that record.  The district judge may also receive further evidence, recall witnesses or recommit the matter to the

magistrate judge with instructions.

A party may not appeal a magistrate judge's recommendation directly to the United States Court of Appeals for the Eleventh Circuit. Appeals may be made only from a final judgment entered by or at the direction of a district judge.

**DONE**, this 1st day of July, 2014.

_____
**JOHN E. OTT**
Chief United States Magistrate Judge